United States District Court
Southern District of Texas
**ENTERED**
December 04, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CRIM. ACTION NO. 5:10-CR-01420-001** |
| V. | § | |
| **LEANDRO SALAS-GALAVIZ** | | |

## ORDER

Defendant Leandro Salas-Galaviz ("Defendant") filed a notice of appeal (Dkt. 588) challenging the Court's Order from August 28, 2024 (Dkt. 585), which denied him a sentence reduction under 18 U.S.C. § 3582(c)(2). Before the Court is Defendant's Motion for Permission to Appeal *In Forma Pauperis*. (Dkt. 591.)

A defendant may not proceed *in forma pauperis* on appeal if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith is judged by an objective standard, not a subjective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Under the objective standard, an appeal taken from a non-appealable order is not taken in good faith. *Brook Forest Cmty. Ass'n Inc. v. Norris*, 2021 WL 3832816, at *1 (S.D. Tex. Mar. 4, 2021); *see also, e.g.*, *Javor v. Brown*, 295 F.2d 60, 61 (9th Cir. 1961) ("If it appears from the record that the order sought to be reviewed is not appealable, the conclusion is warranted that the appeal is not taken in good faith."). An order must generally be final to be appealable, with a few narrow exceptions that do not apply here. 28 U.S.C. § 1291; *see also United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).

The Court's Order denying Defendant a sentence reduction only disposed of Defendant's claims under 18 U.S.C. § 3582(c)(2). (Dkts. 583, 585.) Defendant's Motion for Compassionate Release is styled "Title 18 U.S.C. Section 3582(c)(1)(A) November 1st, 2023[,] United States

Sentencing Guidelines Section 1B1.13(1)(A), (b), (b)(6), (5), (6)(c), and (6)(d), ba[s]ed on compassionate release for extraordinary and compelling reasons and circumstances," and it predominantly contains claims under 18 U.S.C. § 3582(c)(1)(A). (*See, e.g.*, Dkt. 583 at 3–5.) These § 3582(c)(1)(A) claims remain pending. (Dkts. 583, 585.)

The Court's August 28, 2024, Order was not a final, appealable decision because it was not a decision "that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Sammons v. Economou*, 940 F.3d 183, 185–86 (5th Cir. 2019) (quoting *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009)). Indeed, the Court still has Defendant's 18 U.S.C. § 3582(c)(1)(A) claims to rule on. (Dkt. 583.)

Thus, Defendant attempts to appeal a decision that is non-final and non-appealable at this point in the litigation. This appeal is not taken in good faith, and his Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 591) is hereby DENIED.

IT IS SO ORDERED.

SIGNED this December 4, 2024.

_____
Diana Saldaña
United States District Judge